# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| THE UNITED STATES OF AMERICA<br>for the use and benefit of )<br>VOLTER ELECTRICAL )<br>CONSTRUCTION CORP., )<br>)<br>    Plaintiff, )<br>)   No. _____<br>v. )<br>)<br>THE HANOVER INSURANCE GROUP, INC., )<br>and LEC GROUP, INC., )<br>)<br>    Defendants. ) | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW the Plaintiff, the United States of America for the use and benefit of VOLTER ELECTRICAL COMPANY, CORP. by and through its undersigned counsel and brings the following allegations and complaints against Defendants THE HANOVER INSURANCE GROUP, INC. and LEC GROUP, INC.:

### I.
### PARTIES

1.  Plaintiff VOLTER ELECTRIC COMPANY, CORP. ("Volter") is a corporation organized under the laws of the State of Texas with its principal place of business at 13918 Vaquero Rock Drive, El Paso, Texas 79938.

2.  Defendant THE HANOVER INSURANCE GROUP, INC. ("Hanover") is a corporation organized under the State of Delaware. Hanover may be served through its registered agent, The Corporation Trust Company, at Corporation Trust Center, 1209 Orange

Street, Wilmington, Delaware 19801.

3. Defendant LEC GROUP, INC. ("LEC") is a corporation organized under the laws of the State of Texas. LEC may be served through its registered agent, Margarita Licon, at 25414 Bunker Drive, San Antonio, Texas 78260, or 4171 N. Mesa Street, Suite B100, El Paso, Texas 79902, or 2101 E. Missouri Ave., El Paso, Texas 79903, or wherever she may be found.

## II.
## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this civil action is based, in part, upon a bond executed pursuant to the provisions of the Miller Act found in 40 U.S.C. § 3133. Under 40 U.S.C. § 3133(b)(3)(B), claims under the Miller Act are required to be brought in a United States District Court. This Court has supplemental jurisdiction over the state law claims for breach of contract and quantum merit pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this Court under 40 U.S.C. § 3133(b)(3)(B) and because all prerequisites to bring this suit have been satisfied.

## III.
## FACTS

6. Upon information and belief, on or about September 12, 2013, the United States of America, through the Department of the Air Force, awarded LEC Contract Number FA480113C0006 (the "Prime Contract") in the amount of $ 3,396,919.00. The Prime Contract included, among other items, detailed plans and specifications for the construction, repair, and maintenance of the Repair Simulator Facility in Holloman Air Force Base in New Mexico (the "Holloman Project").

7. Upon information and belief, LEC obtained a payment bond from Hanover for the Holloman Project (the "Payment Bond"). Volter has not been provided with a true and correct copy of the Payment Bond.

8. On or about August 13, 2014, Volter and LEC entered into a subcontract agreement whereby Volter agreed to provide labor, materials, equipment for electrical installation services for the Holloman Project (the "Holloman Subcontract"). In consideration for these services, LEC agreed to pay Volter the total sum of $295,450.00 (the "Subcontract Price").

9. Volter began work on the Holloman Project in 2014. During the course of the Holloman Project, LEC directed Volter to perform additional electrical work beyond the initial scope of work under the Holloman Subcontract. Volter performed this work at the direction of, and to the benefit of, LEC.

10. Over the course of its performance, Volter submitted regular payment applications to LEC for work performed on the Holloman Subcontract, including the work associated with all change orders. LEC has paid Volter for some of the work Volter performed on the Holloman Project.

11. Volter last performed work on the Holloman Project in 2016. All of the work that Volter performed on the Holloman Project pursuant to the Holloman Subcontract and all change orders was performed in a good and workmanlike manner.

12. The cumulative amount of the original Subcontract Price, including the change orders, is $336,094.38.

13. Despite Volter's performance and repeated attempts to secure payment, LEC has failed and refused to pay Volter for work completed and is withholding payment in the amount of $26,345.45.

14. Upon information and belief, LEC has been paid in full for the work Volter performed on the Holloman Project.  LEC has nonetheless failed to pay Volter for the work it completed despite such payments being due and owing.

15. LEC's repeated and continued failure to pay all amounts owed to Volter for work it performed on the Holloman Project has severely impacted Volter.

## IV.
## CLAIMS
### Breach of Contract

16. Volter re-alleges and incorporates by reference each of the allegations asserted in paragraphs 1 through 15 as if fully set forth herein.

17. The Holloman Subcontract, including the change orders, constitutes a binding and enforceable contract between Volter and LEC.

18. LEC has materially and substantially breached the Holloman Subcontract by failing and refusing to pay the full amount owed to Volter for work Volter performed on the Holloman Project.

19. As a direct, proximate, and foreseeable result of LEC's material breach of the Holloman Subcontract, Volter has incurred damages.

### Quantum Meruit

20. Volter re-alleges and incorporates by reference each of the allegations asserted in paragraphs 1 through 19 as if fully set forth herein.

21. Volter provided valuable work and materials in connection with the Holloman Project, including labor, equipment, and electrical installation services, which LEC accepted to the benefit of LEC in fulfilling its obligations under the Holloman Project. Volter provided such work and materials at the direction of, to the knowledge of, and to the benefit of LEC.

22. LEC had reasonable notice that Volter expected compensation for its services and materials but LEC has failed and refused to compensate Volter for the work it performed.

23. It would be inequitable and unjust for LEC to gain the benefit of Volter's work on the Holloman Project without properly compensating Volter for such work.

24. Volter is entitled to reasonable compensation for the work it performed on the Holloman Project.

## Miller Act Payment Bond Claim

25. Volter re-alleges and incorporates by reference each of the allegations asserted in paragraphs 1 through 24 as if fully set forth herein.

26. Between 2014 and 2016, Volter furnished labor, equipment, and materials for use in the prosecution of the work on the Holloman Project. Notwithstanding performance by Volter and its demand for payment on LEC, LEC has failed and refused to pay the full amount owed to Volter for work Volter performed on the Holloman Project in the amount of $26,345.45.

27. Because Volter has not been paid for all of the labor, equipment, and materials it furnished for the Holloman Project, Hanover, as the surety of LEC, is responsible to Volter, pursuant to the obligations created by the Payment Bond and under the Miller Act, for LEC's failure and refusal to pay Volter for its labor, equipment, and materials. Despite Volter's

demand for payment, Hanover has failed and refused to pay the full amount of $26,345.45 owed to Volter.

## V.
## CONDITIONS PRECEDENT

28. All conditions, covenants, and obligations—whether precedent or otherwise—have all occurred, been performed, or been satisfied.

## VI.
## DAMAGES

29. As a proximate result of the acts and/or omissions of LEC and Hanover, Volter seeks recovery for its actual damages, including $26,345.45, pre-judgment and post-judgment interest as allowed by law, costs of court, and reasonable and necessary attorney's fees.

## VII.
## ATTORNEY'S FEES

30. As a direct and proximate result of the foregoing wrongful conduct by LEC and Hanover, Volter has been required to retain the services of its legal counsel and has agreed to pay the reasonable fees associated with the legal services rendered in this case. Accordingly, Volter does hereby seek the recovery of its attorney's fees herein and on appeal, if any, pursuant to applicable law.

## VIII.
## REQUEST FOR RELIEF

For these reasons, Volter respectfully requests that the Court enter judgment against LEC and Hanover as sought herein, together with its damages, pre-judgment and post-judgment interest at the legal rate, court costs, reasonable and necessary attorney's fees, and such other and further relief, at law and in equity, to which Volter may be justly entitled.

Respectfully submitted,

**SCOTTHULSE, P.C.**
1100 Chase Tower
201 E. Main Drive
El Paso, Texas  79901
(915) 533-2493
(915) 546-8333 Telecopier

By:  /s/ Casey S. Stevenson
      **CASEY S. STEVENSON**
      New Mexico Bar No. 127736
      cste@scotthulse.com
      **FRANCISCO ORTEGA**
      Pro Hac Vice Admission Pending
      Texas Bar No. 24060365
      fort@scotthulse.com
      Attorneys for Volter Construction Corp.